[Cite as *State v. Jarvis*, 2011-Ohio-4491.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

TIMOTHY WADE JARVIS

    Appellant

C.A. No.    25481

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 09 08 2501

DECISION AND JOURNAL ENTRY

Dated: September 7, 2011

WHITMORE, Judge.

{¶1} Defendant-Appellant, Timothy Jarvis, appeals from his conviction in the Summit Country Court of Common Pleas. This Court affirms.

I

{¶2} On the evening of August 7, 2009, Kelli Lipovsky left her son with her upstairs neighbor and invited a friend, Josh Gidley, to her apartment. Lipovsky and Gidley purchased a bottle of tequila and drank most of the bottle together. The two then walked to a nearby bar and drank more alcohol. Feeling nauseous, Gidley took Lipovsky's keys and returned to her apartment while Lipovsky stayed at the bar. Sometime after midnight, Lipovsky decided that she

wanted to return home and looked for someone to walk her there. She saw Jarvis, a neighborhood acquaintance she had known for a considerable time, and asked him to escort her. Jarvis assented and the two left the bar shortly thereafter.

{¶3} When Lipovsky and Jarvis reached Lipovsky's home, they observed Gidley resting in a chair on the porch. Lipovsky left Gidley on the porch and went to retrieve her son. Because her son was sleeping and she was too intoxicated to carry him, Lipovsky asked her neighbor's brother to carry him downstairs and place him in Lipovsky's bed. Lipovsky got into bed with her son and began to fall asleep on her side. She soon startled, however, as she felt Jarvis next to her, rubbing her side and breathing in her ear. Lipovsky stood up, instructed Jarvis to leave, followed him out, and locked the door behind him. Gidley, still sitting on the porch, saw Jarvis come outside. According to Gidley, the door slammed behind Jarvis and he appeared upset. He then saw Jarvis walk over to Lipovsky's front window, push it open, and crawl through it.

{¶4} Lipovsky, still fully clothed, fell asleep in bed with her son after removing Jarvis from her home. She awoke the next morning on her living room couch, naked below the waist. Fearing that she had been assaulted, Lipovsky went to the hospital. DNA testing confirmed and Jarvis later admitted that he had sexual intercourse with Lipovsky. According to Jarvis, the intercourse was consensual. Lipovsky did not recall the events that occurred after she fell asleep with her son.

{¶5} On August 26, 2009, Jarvis was indicted on one count of aggravated burglary, in violation of R.C. 2911.11(A)(1), and one count of sexual battery, in violation of R.C. 2907.03(A)(2)/(3). A jury trial commenced on February 22, 2010. The jury returned a guilty verdict on Jarvis' sexual battery count, but determined that he was not guilty of aggravated

burglary. The court sentenced Jarvis to five years in prison and classified him as a Tier III sex offender.

{¶6}    Jarvis now appeals from his conviction and raises two assignments of error for our review.

II

Assignment of Error Number One

"THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION FOR A CRIMINAL RULE 29 MOTION TO DISMISS BECAUSE THERE WAS INSUFFIENT (sic) EVIDENCE PRESENTED BY THE APPELLEE TO CONVICTION (sic) THE APPELLANT OF SEXUAL BATTERY."

{¶7}    In his first assignment of error, Jarvis argues that his sexual battery conviction is based on insufficient evidence. Specifically, he argues that the State failed to prove that he knew Lipovsky was impaired to the extent that she could not consent to sexual intercourse. We disagree.

{¶8}    In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the prosecution. *State v. Jenks* (1991), 61 Ohio St.3d 259, 274. Furthermore:

> "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus; see, also, *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386.

"In essence, sufficiency is a test of adequacy." *Thompkins*, 78 Ohio St.3d at 386.

{¶9}    R.C. 2907.03 provides, in relevant part, as follows:

> "No person shall engage in sexual conduct with another, not the spouse of the offender, when *** [t]he offender knows that the other person's ability to appraise the nature of or control the other person's own conduct is substantially

impaired[; or] *** [t]he offender knows that the other person submits because the other person is unaware that the act is being committed." R.C. 2907.03(A)(2)-(3). "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).

{¶10} Jarvis does not dispute that he engaged in sexual intercourse with Lipovsky. His only argument is that the State failed to offer any evidence, demonstrating that he knew Lipovsky was substantially impaired or unaware of her behavior.

{¶11} Even if Jarvis did not personally observe Lipovsky consume large amounts of alcohol, he did walk her home from a bar close to 2 a.m. There also was testimony that Lipovsky was 5'7" in height, weighed 138 pounds, and drank a significant amount of alcohol in a relatively short period. According to Lipovsky and Gidley, they split most of a bottle of tequila before they left the apartment and continued to drink once they arrived at a nearby bar. Lipovsky testified that she was intoxicated to the extent that she could not carry her son downstairs when she came home. Both her upstairs neighbor, Karen Nixon, and Nixon's brother, Kenneth, testified that Lipovsky appeared intoxicated when she came to Nixon's apartment for her son. Kenneth confirmed that he carried Lipovsky's son downstairs because he "knew she was too inebriated to do it herself." Lipovsky also testified that she removed Jarvis from her home and did not remember anything that happened after she fell asleep with her son. Viewing the evidence in a light most favorable to the prosecution, the State presented sufficient evidence that Jarvis knew Lipovsky was substantially impaired and/or unaware of her conduct at the time he had sexual intercourse with her. See *State v. Hill*, 9th Dist. No. 09CA009709, 2011-Ohio-1154, at ¶14-20 (upholding sexual battery conviction where victim fell asleep after drinking, did not remember having sexual intercourse with the defendant, and the defendant claimed the act was

consensual); *State v. Mathers*, 9th Dist. No. 07CA009242, 2008-Ohio-2902, at ¶13-24 (upholding sexual battery conviction where victim passed out, awoke to find the defendant digitally penetrating her, and the defendant argued the victim had consented). Jarvis' first assignment of error is overruled.

Assignment of Error Number Two

"THE APPELLANT'S CONVICTION OF SEXUALLY (sic) BATTERY IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

**{¶12}** In his second assignment of error, Jarvis argues that his conviction is against the manifest weight of the evidence. We disagree.

**{¶13}** In determining whether a conviction is against the manifest weight of the evidence an appellate court:

> "[M]ust review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten* (1986), 33 Ohio App.3d 339, 340.

A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than supports the other. *Thompkins*, 78 Ohio St.3d at 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Id. Therefore, this Court's "discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Martin* (1983), 20 Ohio App.3d 172, 175; see, also, *Otten*, 33 Ohio App.3d at 340.

**{¶14}** Jarvis argues that his conviction is against the manifest weight of the evidence because Lipovsky's claim that she could remember "multiple occurrences on the evening and

issue, but *** [not] a sexual encounter with [him] is unbelievable[.]" The record reflects, however, that the "multiple occurrences" Lipovsky remembered took place before she fell asleep for the night. Moreover, there was testimony that Lipovsky removed Jarvis from her apartment and locked him out. Gidley testified that he saw Jarvis climb through Lipovsky's window to gain entry after Lipovsky locked him out. Jarvis has not attempted to explain why he would need to gain entry through Lipovsky's window if she, in fact, wanted him in her apartment and wanted to engage in sexual intercourse with him. The ultimate issue was one of credibility for the jury to consider, and the jury chose to believe Lipovsky's version of the events. *Hill* at ¶20, quoting *State v. Jackson* (1993), 86 Ohio App.3d 29, 32. Jarvis' argument that his conviction is against the manifest weight of the evidence lacks merit. As such, his second assignment of error is overruled.

## III

{¶15} Jarvis' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETH WHITMORE
FOR THE COURT

CARR, P. J.
MOORE, J.
CONCUR

APPEARANCES:

JANA DELOACH, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.